117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margie R. DICKINSON, Plaintiff-Appellee,
v.
BLUE CROSS OF CALIFORNIA, Defendant-Appellant.
 No. 96-56694.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1997.
July 8, 1997.
 
 Appeal from the United States District Court for the Central District of California James M. Ideman, District Judge, Presiding
 Before: BROWNING, FLETCHER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The preliminary injunction prohibited Blue Cross "from denying, refusing, excluding, limiting, or discontinuing coverage and benefits for performance of high-dose chemotherapy with autologous bone marrow rescue/peripheral stem cell reinfusion." This language clearly applied not only to the first administration of HDCT-PSCT, in which bone marrow was removed or rescued, but also to the second "tandem" administration of HDCT-PSCT, in which high doses of chemotherapy were given and bone marrow was replaced or reinfused.
 
 
 3
 A motion to modify a preliminary injunction "is not a substitute for a direct appeal...." Charles A. Wright et al., Federal Practice and Procedure § 2961, at 394 (2d ed.1995). "The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse in the guise of readjusting." United States v. Swift & Co., 286 U.S. 106, 119 (1932); see also Favia v. Indiana Univ. of Pennsylvania, 7 F.3d 332, 337 (3rd Cir.1993) ("Modification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable.").
 
 
 4
 The only alleged change in circumstance between the issuance of the preliminary injunction and the filing of the motion to modify the injunction was Dickinson's death. The district court properly accounted for this change by dissolving the injunction. It did not err by refusing to alter the terms of the injunction, which included Blue Cross' obligation to pay for HDCT-PSCT treatment and explicitly excluded a security requirement. To challenge those terms, Blue Cross should have appealed the district court's first order.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3